# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

DOUGLAS S. SWATKOWSKI,	Case No. 6:16-bk-04018-RAC

    Debtor.	Chapter 7
_____/

SEACOAST NATIONAL BANK,

    Plaintiff,

v.	Adv. Proc. No. 6:16-ap-00131-RAC

DOUGLAS S. SWATKOWSKI,

    Defendant.
_____/

## MOTION TO DISMISS COMPLAINT
## TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW Defendant, DOUGLAS S. SWATKOWSKI ("Defendant" or "Debtor"), and moves pursuant to Rule 12, Federal Rules of Civil Procedure ("Civil Rules"), as incorporated by Rule 7012, Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), to dismiss the Complaint to Determine Dischargeability of Debt ("Complaint") filed by Plaintiff, SEACOST NATIONAL BANK ("Plaintiff"), for failure to state a claim upon which relief can be granted, and in support thereof states as follows:

### FACTS ALLEGED IN COMPLAINT

1. In the Complaint, Plaintiff alleges that Debtor owes it approximately $566,773.56 based on a deficiency judgment Plaintiff obtained against Debtor in state court.

1

2. Although a copy of the alleged deficiency judgment is not attached to the Complaint, the Judgment of Foreclosure that is attached to the Complaint as Exhibit E was entered against the Debtor and certain business entities. Plaintiff does not allege that either the Judgment of Foreclosure or the alleged deficiency judgment were entered against Kimberly Swatkowski, the Debtor's wife.

3. In the Complaint, Plaintiff seeks to except the alleged debt from discharge based on 11 U.S.C. § 523(a)(2)(A) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other a statement respecting the debtor's or an insider's financial condition (Count I); and based on 11 U.S.C. § 523(a)(6) for willful and malicious injury by the debtor to another entity or to the property of another entity (Count II).

4. Both Count I and Count II are based entirely on an alleged misrepresentation purportedly contained in a Non-Identity Affidavit that is attached to the Complaint as Exhibit F (the "Affidavit").

5. Plaintiff alleges that Debtor falsely represented in the Affidavit that there were no claims pending against "him" at the time of closing on the sale of his homestead property.[1]

6. However, a review of the Affidavit reveals that it actually states in relevant part as follows:

> [A]ffiant, **Douglas Swatkowski**, is aware that there are many judgments, orders, tax liens, and decress for money filed against similar name in the Public Records, but that affiant has no personal knowledge of any claims filed against **her** name.

---

[1] Plaintiff alleges in the Complaint that the property was no longer homestead at the time it was sold. Defendant disputes this assertion and avers that the property was in fact his homestead property at the time it was sold. Nevertheless, for purposes of this Motion to Dismiss, Defendant recognizes that the Court must accept the allegations in the Complaint as true. Even accepting these allegations as true, however, the Complaint still fails to state a claim because Plaintiff has failed to allege a misrepresentation or any willful or malicious injury, since the allegations of misrepresentation and willful or malicious injury are contradicted by the Affidavit that is attached to the Complaint as Exhibit F.

Non-Identity Affidavit at ¶ 2 (emphasis added).

    7.    Contrary to the allegations in the Complaint, the Affidavit does not state that there were no claims pending against *him*. Rather, the Affidavit states that there were no claims pending against <u>her</u>.

## LEGAL ARGUMENT

    8.    Pursuant to Civil Rule 10(c), as incorporated by Bankruptcy Rule 7010, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

    9.    "'Under Rule 10(c), Federal Rules of Civil Procedure, such attachments are considered part of the pleading for all purposes, including a Rule 12(b)(6) motion.'" *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 5231483, at *1 (M.D. Fla. Sept. 16, 2013) (quoting *Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985)).

    10.    "'Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.'" *Griffin Industries, Inc. v. Irvin*, 496 F.3 1189, 1206 (11th Cir. 2007) (quoting *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)).

    11.    The Court's "duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, <u>the exhibits govern</u>." *Griffin Industries,* 496 F.3 at 1205-06 (emphasis added); *see also Crowe v. Moran (In re Moran)*, 413 B.R. 169, 177 (Bankr. D. Del. 2009) (explaining that, "if the allegations of [the] complaint are contradicted by the documents made a part thereof, the documents control and the Court need no accept as true the allegations of the complaint"); *Marcus Lee Assoc., L.P. v. Wachovia Bank, N.A. (In re Marcus Lee Assoc., L.P.)*, 422 B.R. 21, 39 (Bankr. E.D. Pa. 2009).

12. In this case, both Counts of the Complaint are based entirely on the allegation that Debtor made a misrepresentation in the Affidavit. However, the Affidavit does not contain any misrepresentations.

13. More specifically, Plaintiff alleges that Debtor misrepresented in the Affidavit that there were no pending claims against "him" at the time of closing. However, that is not what the Non-Identity Affidavit says. In fact, the Affidavit says that Debtor "has no personal knowledge of any claims filed against **her** name," presumably referring to the Debtor's wife (emphasis added).

14. Contrary to the allegations in the Complaint, the Affidavit does not contain any misrepresentations. Without a clear misrepresentation, the Affidavit cannot serve as the basis to except Plaintiff's debt from discharge under §§ 523(a)(2) or 523(a)(6), and the Complaint fails to state a claim on which relief can be granted.

WHEREFORE Defendant, DOUGLAS S. SWATKOWSKI prays that the Court will enter an order dismissing the Complaint to Determine Dischargeability of Debt filed by Plaintiff, SEACOST NATIONAL BANK, and for such other relief that the Court deems just and equitable.

Respectfully submitted this 30th day of January, 2017.

/s/ Jeffrey S. Ainsworth
JEFFREY S. AINSWORTH, ESQ.
Florida Bar No. 60769
**BransonLaw, PLLC**
1501 E. Concord St.
Orlando, FL  32803
Phone:  407-894-6834
Fax:  407-894-8559
E-mail:  jeff@bransonlaw.com
Attorney for Defendant

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In re:

DOUGLAS S. SWATKOWSKI,　　　　　　　　　Case No. 6:16-bk-04018-RAC

　　　Debtor.　　　　　　　　　　　　　　　　Chapter 7
_____/

SEACOAST NATIONAL BANK,

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Adv. Proc. No. 6:16-ap-00131-RAC

DOUGLAS S. SWATKOWSKI,

　　　Defendant.
_____/

**CERTIFICATE OF SERVICE**

　　　I HEREBY CERTIFY that on this 30th day of January, 2017, a true and correct copy of the foregoing has been provided electronically via the Court's CM/ECF Filing System to Jon E. Kane, Esq. (jkane@mateerharbert.com), and all other recipients registered to received electronic notice.

　　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey S. Ainsworth
　　　　　　　　　　　　　　　　　　　　　JEFFREY S. AINSWORTH, ESQ.
　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 60769
　　　　　　　　　　　　　　　　　　　　　**BransonLaw, PLLC**